1

2

3

4

5

6

7

8                        IN THE UNITED STATES DISTRICT COURT

9                       FOR THE EASTERN DISTRICT OF CALIFORNIA

10   SCOTT N. JOHNSON,

11              Plaintiff,                    No. CIV S- 11-2592 KJM KJN

12         vs.

13   RICKY CHU, et al.,                       ORDER

14              Defendants

15   _____/

16              On September 30, 2011, plaintiff filed a complaint, which names the following

17   defendants in the caption:  Ricky Chu, individually and d/b/a Wah Shine Restaurant; Isela

18   Margarita Hernandez, individually and d/b/a Sharkees Billiards; Lorna Walter, individually and

19   d/b/a Healing Hands Therapeutic Massage; Ly Thi Phan, individually and d/b/a Kazan Japanese

20   Cuisine; Kwi Cha Sustarich, individually and d/b/a The Seagull Lounge; and Guerreros

21   Launderland.[1]  Complaint, ECF No. 1 at 1, 3.

22   /////

23   _____

24         [1]  In the body of the complaint, plaintiff lists GG's Hair Salon, but does not otherwise list
     this establishment and apparently did not serve anyone at that business.  In addition, plaintiff
25   says he mailed a letter about compliance to Domino's Pizza in July 2010 and attaches a copy of
     the letter as Exhibit G.  ECF No. 1-8.  Although Domino's Pizza is on Peabody Lane in
26   Vacaville, as are the other businesses named as defendants, plaintiff apparently did not serve
     anyone connected with Domino's, which is not listed as a party.

1        Plaintiff, who is quadriplegic, uses a motorized wheelchair, is accompanied by a

2   service animal, and drives a van equipped with a passenger side wheelchair lift.  *Id*. at 2.  He

3   alleges that he encountered the following architectural barriers at the businesses, located along

4   Peabody Road in Vacaville:  inadequate accessible routes to the businesses; inaccessible

5   restrooms; an inaccessible entrance at Wah Shine Restaurant; doors of non-compliant width and

6   with non-compliant closing speeds and door pressure; and counters of improper height at The

7   Seagull Lounge, Kazan Japanese Cuisine, and Sharkees Billiards.  *Id*. at 4-5.  He alleges causes

8   of action under the Americans With Disabilities Act (ADA) and California's Unruh Act,

9   California Civil Code §§ 51(f) and 52.

10        On November 7, 2011, Ricky Chu on behalf of Wah Shine Restaurant, filed an

11  answer reporting that he had made all the changes required by the ADA and asked the Chief

12  Building Officer for the City of Vacaville, Jay Salazar, P.E. CASp, to inspect.  ECF No. 7.

13        On November 8, 2011, Gerson Guerrero, on behalf of Guerrero's Launderland,

14  filed an answer reporting that he had complied with plaintiff's request for modifications by

15  lowering one of the folding tables and fixing the pressure on the front door, as approved by the

16  city building inspector.  ECF No. 9.  Defendant Kwi Cha Sustarich on behalf of the Seagull

17  Lounge said that she had complied with plaintiff's request for modifications by lowering the

18  counter, fixing the bathroom, adjusting the height of the table, widening the hallway and front

19  door and erecting the appropriate handicapped signs.  ECF No. 10.  Defendant Ly Thi Phan, on

20  behalf of Kazan Japanese Cuisine, said that everything had been fixed as required by law and

21  inspected by Jay Salazar, P.E. CASp. 075.  ECF No. 11.  Finally, defendant Hui Lan Liu, the

22  new owner of Healing Hands Massage, said that she owns the business only, not the property.

23  ECF No. 12.

24        On November 15, 2011 the court dismissed defendant Isela Margarita Hernandez

25  and on May 7, 2012 it dismissed defendant Lorna Walter, both at plaintiff's request.  ECF Nos.

26  8, 24.

1    A private individual who brings suit under Title III of the ADA cannot recover

2  damages but rather may seek only injunctive relief; under the Unruh Act and other state statutes,

3  however, damages are available. *Wander v. Kaus*, 304 F.3d 856, 858 (9th Cir. 2002). When

4  facilities are brought into ADA compliance during the course of the litigation, the ADA action

5  becomes moot. *Id*. In that situation, a court lacks federal question jurisdiction over the state law

6  claims and may decline to exercise supplemental jurisdiction over that aspect of the litigation.

7  *Id*. at 860; *Pickern v. Best Western Timber Cove Lodge Marina Resort*, 194 F. Supp. 2d 1128,

8  1133 (E.D. Cal. 2002). In light of the claims of the defendants identified above, that the ADA

9  violations have been addressed, plaintiff is directed to show cause within fourteen days of the

10  date of this order why the ADA action is not moot and why this court should not decline to

11  exercise its supplemental jurisdiction over his state law claims.

12    In addition, defendant Liu suggests that she does not control the property. The

13  exhibits to plaintiff's complaint show that in 2009 he corresponded with Dkm & Rkm

14  Investments LP, owner of 129 Peabody Lane, and that the owner had retained a certified Access

15  Specialist to survey the property and was committed to following up on the recommendations.

16  This suggests that this portion of the action may also be moot. Moreover, in light of the owner's

17  control over the necessary repairs and the fact that the owner is not named as a defendant,

18  plaintiff is directed to show cause within fourteen days of the date of this order why Dkm &

19  Rkm Investments is not a necessary and indispensable party and how the removal of the barriers

20  is readily achievable in its absence. FED. R. CIV. P. 19; *Disabled Rights Action Committee v. Las*

21  *Vegas Events, Inc*., 375 F.3d 861, 879-83 (9th Cir. 2004); *Botosan v. Paul McNally Realty*, 216

22  F.3d 827, 834 (9th Cir. 2000).

23    IT IS SO ORDERED.

24  DATED: August 24, 2012.

25

26                                                              _____
                                                                  UNITED STATES DISTRICT JUDGE